UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | |
|---|---|
| PAULA MCALLISTER, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. 3:17-CV-867 JD |
| | ) |
| INNOVATION VENTURES LLC, | ) |
| | ) |
| Defendant. | ) |

## **OPINION AND ORDER**

This matter is before the Court on the Plaintiff's Motion to Stay Bill of Costs [DE 93], filed on May 11, 2020. The Plaintiff requests (1) a stay of costs until her appeal is resolved, or in the alternative, (2) an extension of time to object to the Defendant's Bill of Costs. The request for a stay is denied, but the Court will grant the Plaintiff an extension of time to object.

### **I. BACKGROUND**

On November 18, 2017, the Plaintiff filed a Complaint [DE 1] against the Defendant. On September 16, 2019, the Defendant filed a Motion for Summary Judgment [DE 70]. On April 13, 2020, the Court granted the Defendant's request for summary judgment. *See* Op. & Order, p. 12, DE 86. That same day, the Clerk of Court entered judgment against the Plaintiff and in favor of the Defendant. *See* Clerk's Entry of Judgment, p. 1, DE 87.

On April 27, 2020, the Defendant filed a Bill of Costs [DE 88] against the Plaintiff. The Defendant sought $14,122.07 for various court related expenses. *See* Bill of Costs, p. 1, DE 88. On April 28, 2020, the Clerk of Court stated that "costs will be taxed . . . in the amount of $14,122.07 on 5/12/2020 if no objections are filed." Notice, p. 1, DE 89.

On May 11, 2020, the Plaintiff filed a Motion to Stay Costs [DE 93]. The Plaintiff requested that the Court stay costs pending her appeal to the Seventh Circuit. *See* Mot. to Stay

Costs, p. 3, DE 93. The Plaintiff requested a stay so that she could preserve her limited financial resources. *See id.* at 2. Alternatively, she requested that the Court grant an extension of time so that she could object to the Defendant's Bill of Costs. *Id.* at 3. The Plaintiff also indicated that the COVID-19 pandemic had made it difficult for her attorney to provide a further response. *Id.* at 2–3. On May 20, 2020, the Defendant filed a Response [DE 97] in which it argued that (1) the Plaintiff failed to overcome the presumption that costs should be imposed; (2) the Plaintiff should be required, at the very minimum, to post bond; and (3) the COVID-19 pandemic is immaterial to the issue of a stay. *See* Def.'s Resp., pp. 2–4, DE 97. Thereafter, the Plaintiff filed a Reply [DE 98] in which she argued that the Court should grant the stay due to her indigency. *See* Reply, pp. 1–2, DE 98. Counsel also indicated that he had several pressing matters pending before the Indiana Supreme Court and that the COVID-19 pandemic had hindered his ability to meet with his client. *See id.*

## II. DISCUSSION

The Plaintiff requests (1) a stay of costs until her appeal is resolved, or in the alternative, (2) an extension of time to object to the Defendant's Bill of Costs. The Plaintiff's request for a stay is denied. However, the Court grants the request for an extension of time.

Federal Rule of Civil Procedure 54(d) provides that "[u]nless a federal statute, these rules, or a court order provides otherwise, costs—other than attorney's fees—should be allowed to the prevailing party." Fed. R. Civ. P. 54(d)(1); *see* 28 U.S.C. § 1920 (listing recoverable costs). "Rule 54(d)(1) provides a presumption that costs are awarded to the prevailing party, and the burden is on the non-prevailing party to overcome this presumption." *Rivera v. City of Chicago*, 469 F.3d 631, 636 (7th Cir. 2006) (citing Fed. R. Civ. P. 54(d)(1)). However, "this presumption may be overcome by a showing of indigency." *Badillo v. Cent. Steel & Wire Co.*,

2

717 F.2d 1160, 1165 (7th Cir. 1983); *see also Richardson v. Chi. Transit Auth.*, 926 F.3d 881, 893 (7th Cir. 2019).

The district court may stay a bill of costs pending appeal. *See Cooper v. Eagle River Mem'l Hosp., Inc.*, 270 F.3d 456, 464 (7th Cir. 2001); *In re Dairy Farmers of Am., Inc.*, 80 F. Supp. 3d 838, 854 (N.D. Ill. 2015). However, "costs are appealable separately from the merits; a district court may award costs even while the substantive appeal is pending." *Lorenz v. Valley Forge Ins. Co.*, 23 F.3d 1259, 1260 (7th Cir. 1994); *see also Barton v. Zimmer, Inc.*, No. 1:06-CV-208, 2010 WL 2541707, at *1 (N.D. Ind. June 16, 2010). "If the Court rules on the costs issue when the appeal is pending, 'the ruling may then be appealed and consolidated with the appeal on the merits.'" *Callpod, Inc. v. GN Netcome, Inc.*, No. 6 C 4961, 2010 WL 4411954, at *2 (N.D. Ill. Nov. 1, 2010) (quoting *Aebishcher v. Stryker Corp.*, No. 05-CV-2121, 2007 WL 1668065, at *2 (C.D. Ill. June 8, 2007)). To that point, "an expeditious ruling on a bill of costs is favored to avoid piecemeal appeals." *Dishman v. Cleary*, 279 F.R.D. 460, 465 (N.D. Ill. 2012) (internal quotation marks omitted); *see also Terket v. Lund*, 623 F.2d 29, 34 (7th Cir. 1980).

First, the Court denies the request for a stay. The Plaintiff's motion fails to demonstrate a compelling reason why a stay should be entered. For example, the Plaintiff fails to argue that she has a substantial likelihood of success on appeal. Moreover, the Plaintiff's claims of poverty are undeveloped at this time. Further, entering a stay could result in piecemeal appeals to the Seventh Circuit. Multiple appeals arising from the same case would result in an inefficient use of judicial resources and increased costs to the parties. Thus, in an exercise of discretion, the Plaintiff's request for a stay is denied.

Second, the Court grants the request for an extension of time. The Court finds that the Plaintiff's request for an extension of time was made in good faith. Specifically, the ongoing

3

COVID-19 pandemic made it difficult for counsel to expeditiously respond to the Defendant's Bill of Costs. *See* Mot. to Stay Costs ¶ 8, DE 93. Counsel also had several pressing matters pending before the Indiana Supreme Court. *See* Reply, p. 1, DE 98. Further, the request for an extension of time appears to be timely. *See* Notice, p. 1, DE 89. Thus, the Court will grant the Plaintiff an extension of time to object to the Defendant's Bill of Costs.

### III.  CONCLUSION

For the reasons stated above, the Plaintiff's Motion to Stay Bill of Costs [DE 93] is GRANTED in part and DENIED in part. The Plaintiff's request for a stay pending resolution of her appeal is DENIED. The Plaintiff's request for an extension of time to object is GRANTED. The Plaintiff must file any objection to the Defendant's Bill of Costs by July 1, 2020. The Defendant will then have until July 15, 2020 to file a Response. Any Reply shall be due on July 22, 2020.

SO ORDERED.

ENTERED:  June 18, 2020

/s/ JON E. DEGUILIO
Chief Judge
United States District Court