UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | | |
|---|---|---|
| PAULA MCALLISTER, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 3:17-CV-867 JD |
| | ) | |
| INNOVATION VENTURES LLC, | ) | |
| | ) | |
| Defendant. | ) | |

**OPINION AND ORDER**

This matter is before the Court on the Plaintiff's Objection to Bill of Costs [DE 100]. The Plaintiff argues that (1) she is indigent and is unable to pay the requested costs; (2) the recoverable cost of transcripts is governed by General Order 2011-13; (3) incidental costs for transcripts are not recoverable; and (4) the transcripts were both unnecessary and unreasonably priced. For the reasons stated below, the Plaintiff's objections are overruled.

**I.  BACKGROUND**

Plaintiff Paula McAllister was previously employed by Defendant Innovation Ventures LLC. *See* DE 1, ¶ 7. On June 10, 2016, the Plaintiff was injured in a serious car accident. *Id.* ¶ 10. The Plaintiff requested leave under the Family and Medical Leave Act. *Id.* ¶ 11. The Defendant granted her request for leave until September 8, 2016. *Id.* ¶ 15. On December 14, 2016, after her leave had expired, the Defendant terminated the Plaintiff's employment due to her inability to return to work. *Id.* ¶ 46; *see* DE 86, p. 7.

On November 18, 2017, the Plaintiff filed a Complaint [DE 1] against the Defendant. The Plaintiff brought claims for (Count I) intentional discrimination in violation of Title VII, (Count II) intentional discrimination in violation of the Age Discrimination in Employment Act, (Count III) intentional discrimination and failure to reasonably accommodate in violation of the

Americans with Disabilities Act (ADA), and (Count IV) retaliation and discrimination for using an ERISA benefit. DE 1, pp. 8–10.

On September 16, 2019, the Defendant filed a Motion for Summary Judgment [DE 70]. The Defendant argued that all of the Plaintiff's claims failed as a matter of law. *See* DE 72. Thereafter, the Plaintiff filed a response in which she only argued that there was a dispute of material fact as it related to her ADA failure to accommodate claim. DE 84, p. 1; DE 86, p. 5. In relevant part, the Plaintiff argued there was a dispute of material fact regarding (1) whether she was capable of performing the essential job duties of a machine operator at the time of her termination and (2) whether she could have been reassigned to other jobs in the company. *See* DE 84, pp. 7–13; DE 83, pp. 20–28.

On April 13, 2020, the Court granted the Defendant's request for summary judgment. DE 86, p. 12. The Court concluded that the Plaintiff's ADA claim failed as a matter of law because she was not a qualified individual at the time of her termination and her requested accommodation was not reasonable. *Id.* at 12. Afterward, the Clerk of Court entered judgment against the Plaintiff and in favor of the Defendant. DE 87, p. 1.

On April 27, 2020, the Defendant filed a Bill of Costs seeking $14,122.07. DE 88, p. 1. Of that amount, $12,305.10 was fees for printed or electronically recorded transcripts. *Id.* On July 1, 2020, the Plaintiff filed an objection. *See* DE 100. Within her affidavit, the Plaintiff declared that she was disabled, that she was the primary custodian of her granddaughter, and that she was indigent. *See* DE 100-1, pp. 1–6. However, the Plaintiff stated that she was previously earning $15.57 an hour. *Id.* at 5. Further, the Plaintiff stated that she expects to earn a comparable wage if she returns to the workforce. *Id.* The Plaintiff also disputes various expenses related to the cost of the depositions. This matter is fully briefed and ripe for ruling.

## II.  DISCUSSION

The Plaintiff argues that (1) she is indigent and is unable to pay the requested costs; (2) the recoverable cost of transcripts is governed by General Order 2011-13; (3) incidental costs for transcripts are not recoverable; and (4) the transcripts were both unnecessary and unreasonably priced. After a careful review of the record, the Plaintiff's objections are overruled.

**A.   Indigency**

The Plaintiff argues that she is unable to pay the requested amount due to her indigency. The Court, in an exercise of discretion, disagrees.

Federal Rule of Civil Procedure 54(d) provides that "[u]nless a federal statute, these rules, or a court order provides otherwise, costs—other than attorney's fees—should be allowed to the prevailing party." Fed. R. Civ. P. 54(d)(1); *see* 28 U.S.C. § 1920 (listing recoverable costs). "Rule 54(d)(1) provides a presumption that costs are awarded to the prevailing party, and the burden is on the non-prevailing party to overcome this presumption." *Rivera v. City of Chicago*, 469 F.3d 631, 636 (7th Cir. 2006) (citing Fed. R. Civ. P. 54(d)(1)). "Although Rule 54 does not specifically mention indigence, the rule speaks of the district court's discretion in general terms, and certainly does not prohibit a district court from considering indigence when assigning costs to a losing party." *Id.* at 634; *see also Badillo v. Cent. Steel & Wire Co.*, 717 F.2d 1160, 1165 (7th Cir. 1983).

Courts engage in a two-step analysis when ruling upon a claim of indigency. *Bonds v. Fizer*, 69 F. Supp. 3d 799, 808 (N.D. Ill. 2014). "First, the district court must make a threshold factual finding that the losing party is 'incapable of paying the court-imposed costs at this time or in the future.'" *Rivera*, 469 F.3d at 635 (quoting *McGill v. Faulkner*, 18 F.3d 456, 459 (7th Cir. 1994)); *see also Richardson v. Chi. Transit Auth.*, 926 F.3d 881, 893 (7th Cir. 2019). "The

burden is on the losing party to provide the district court with sufficient documentation to support such a finding. This documentation should include evidence in the form of an affidavit or other documentary evidence of both income and assets, as well as a schedule of expenses." *Rivera*, 469 F.3d at 635 (internal quotation marks omitted). "Second, the district court should consider the amount of costs, the good faith of the losing party, and the closeness and difficulty of the issues raised by a case when using its discretion to deny costs." *Rivera*, 469 F.3d at 635. The indigency exception is narrowly confined, and the burden is on the non-prevailing party to overcome the presumption of awarding costs. *Id.* at 636.

First, the Plaintiff fails to demonstrate that she is incapable of paying the costs at a future time. Certainly, the Court recognizes that the Plaintiff is currently unemployed, is supporting a dependent, and has a relatively low net worth. *See* DE 100-1, pp. 1–6. However, the Plaintiff also stated that she was earning $15.57 an hour prior to her injury, and that she expects to earn a comparable wage if she is able to return to the workforce. *Id.* at 5. Furthermore, throughout the course of this litigation, the Plaintiff argued that she was able to work. *See* DE 84, pp. 7–13; DE 83, pp. 20–28. Based upon this, the Plaintiff fails to demonstrate that she is incapable of paying the costs in the future. *See Rodriguez v. City of Chicago*, No. 18-cv-372, 2019 WL 5184079, at *4 (N.D. Ill. Oct. 15, 2019) ("Even if Plaintiff's lingering back-pain is currently limiting his ability to work, Plaintiff has not shown that he will permanently be unable to earn a living wage. Thus, although Plaintiff has shown that he cannot currently afford to pay, he has not shown that he is incapable of paying in the future.") (internal quotation marks and alterations omitted).

Second, even if she is unable to pay the costs at some future time, the equitable factors weigh against the Plaintiff. From an objective standpoint, the overall costs in this case are relatively low. The Court has also considered the good faith of the losing party and the difficulty

of the issues raised. In this case, the Plaintiff asserted numerous claims under a variety of statutes. However, in response to the Defendant's motion for summary judgment, the Plaintiff only defended her failure to accommodate claim under the Americans with Disabilities Act. *See* DE 86, p. 5. Further, this remaining claim failed as a matter of law. *Id.* at 5–12. Thus, based upon the record as a whole, the Plaintiff fails to overcome the presumption of awarding costs to the prevailing party.

**B.      General Order 2011-13**

The Plaintiff argues that, within the context of Federal Rule of Civil Procedure 54(d), the cost of transcripts is limited by General Order 2011-13. The Court disagrees.

"Unless a federal statute, these rules, or a court order provides otherwise, costs—other than attorney's fees—should be allowed to the prevailing party." Fed. R. Civ. P. 54(d)(1). "A judge or clerk of any court of the United States may tax . . . [f]ees for printed or electronically recorded transcripts necessarily obtained for use in the case." 28 U.S.C. § 1920(2). Copy rates established by the Judicial Conference of the United States, as incorporated into local rule governing the award of deposition transcript costs, apply to deposition charges by both official and private court reporters. *Cengr v. Fusibond Piping Systems, Inc.*, 135 F.3d 445, 456 (7th Cir. 1998). The interpretation and enforcement of local rules is left to the sound discretion of the district court. *Weibrecht v. S. Ill. Transfer, Inc.*, 241 F.3d 875, 881 (7th Cir. 2001).

General Order 2011-13 provides for "the maximum rates per page for transcripts . . . ." General Order 2011-13, *available at* https://www.innd.uscourts.gov/sites/innd/files/2011-13.pdf. However, General Order 2011-13 is limited to transcripts of proceedings that occur before the district court and are ordered from the court reporter. There is no language indicating that

General Order 2011-13 regulates the cost of deposition transcripts that are procured from private court reporters.

Furthermore, Local Rule 54-1, which explicitly governs the taxation of costs, does not incorporate General Order 2011-13. *See* N.D. Ind. L.R. 54-1. Further, Local Rule 54-1 does not regulate the cost of deposition transcripts. *See id.* This is in stark comparison to other courts that explicitly limit the cost of deposition transcripts when taxing costs. *See, e.g.*, N.D. Ill. L.R. 54-1(b) (providing that "the costs of the transcript or deposition shall not exceed the regular copy rate as established by the Judicial Conference of the United States and in effect at the time the transcript or deposition was filed unless some other rate was previously provided for by order of court."). Thus, General Order 2011-13 does not apply in this case.

### C.     Incidental Deposition Fees

The Plaintiff argues that various fees charged by the court reporter, such as travel fees, processing fees, and per diem charges, are not taxable under 28 U.S.C. § 1920. The Court disagrees. "A judge or clerk of any court of the United States may tax . . . [f]ees for printed or electronically recorded transcripts necessarily obtained for use in the case." 28 U.S.C. § 1920(2). The Seventh Circuit has previously held that costs incidental to the taking of depositions may be awarded under 28 U.S.C. § 1920. *See Held v. Held*, 137 F.3d 998, 1002 (7th Cir. 1998); *Weeks v. Samsung Heavy Indus. Co., Ltd.*, 126 F.3d 926, 945–46 (7th Cir. 1997); *Finchum v. Ford Motor Co.*, 57 F.3d 526, 534 (7th Cir. 1995). Likewise, this Court has recently concluded that delivery and shipping charges that were incurred to obtain transcripts are recoverable. *Johnson v. Norfolk S. Ry. Co.*, No. 3:12-CV-102, 2016 WL 1622288, at *5 (N.D. Ind. April 25, 2016) (citing *Finchum*, 57 F.3d at 534). Thus, this argument is without merit.

**D.     Reasonableness and Necessity**

The Plaintiff argues that the transcripts were unreasonably priced and unnecessary. The Court, after a careful review of the record, disagrees.

"Unless a federal statute, these rules, or a court order provides otherwise, costs—other than attorney's fees—should be allowed to the prevailing party." Fed. R. Civ. P. 54(d)(1). "A judge or clerk of any court of the United States may tax . . . [f]ees for printed or electronically recorded transcripts necessarily obtained for use in the case." 28 U.S.C. § 1920(2). "[I]n addition to being authorized by statute, a cost must be both reasonable and necessary to the litigation for a prevailing party to recover it." *Little v. Mitsubishi Motors N. Am., Inc.*, 514 F.3d 699, 702 (7th Cir. 2008). Whether a transcript was necessary must be made in light of the facts known when the transcript was requested. *Majeske v. City of Chicago*, 218 F.3d 816, 825 (7th Cir. 2000). Further, although transcripts provided merely for the convenience of the attorney are not recoverable, "a transcript need not be 'absolutely indispensable in order to provide the basis of an award of costs.'" *Id.* (quoting *Barber v. Ruth*, 7 F.3d 636, 645 (7th Cir. 1993)). "There is a presumption that the prevailing party will recover costs, and the losing party bears the burden of an affirmative showing that taxed costs are not appropriate." *Beamon v. Marshall & Ilsley Trust Co.*, 411 F.3d 854, (7th Cir. 2005) (citing *M.T. Bonk Co. v. Milton Bradley Co.*, 945 F.2d 1404, 1409 (7th Cir. 1991)).

The Plaintiff argues that various fees, such as a per diem fee, hourly fees, processing and archival fees, and signature fees, are unreasonable. *See* DE 101-5. However, such fees are regularly approved in the context of Rule 54(d). *See Held*, 137 F.3d at 1002; *Majeske*, 218 F.3d at 825–26; *Norfolk S. Railway Co.*, 2016 WL 1622288, at *5. The Plaintiff also argues that the Defendant paid too much for the per-page cost of depositions. In support of this argument, the

Plaintiff relies upon the rates established in General Order 2011-13. However, as explained above, General Order 2011-13 does not apply in this case. Further, the Plaintiff fails to cite any evidence demonstrating that the transcriptions were unreasonably priced. Thus, the Plaintiff fails to demonstrate that the requested costs are unreasonable.

  The Plaintiff also argues that various transcripts were unnecessary because (1) the Defendant should not have ordered depositions for its own employees because the Defendant could have interviewed the employees informally and procured affidavits; and (2) the Defendant should not have ordered deposition transcripts of other witnesses because the Plaintiff provided the Defendant with affidavits from these witnesses. *See* DE 100, pp. 8–9. The Court finds the first argument to be completely without merit. The Plaintiff deposed the Defendant's employees, and the Defendant merely ordered copies of the transcripts. DE 101, p. 9. It was necessary for the Defendant to order these transcripts. The second argument is also without merit. The Plaintiff's affidavits were created to benefit the Plaintiff's theory of the case; it was necessary for the Defendant to depose these witnesses to probe the accuracy, veracity, and completeness of their affidavits and their knowledge of the facts relating to the Plaintiff's claims. Thus, the Plaintiff failed to demonstrate that the transcripts were unreasonably priced or unnecessary for use in the case.

### III.  CONCLUSION

For the reasons stated above, the Plaintiff's Objections [DE 100] are OVERRULED. The Defendant's Bill of Costs [DE 88] is GRANTED.

SO ORDERED.

ENTERED:  August 4, 2020

>          /s/ JON E. DEGUILIO
> Chief Judge
> United States District Court